UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY NARVARO TOLSON | CIVIL ACTION |
| VERSUS | NO. 21-123 |
| STATE FARM CORRECTIONAL CENTER | SECTION "F"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Factual and Procedural Background**

Plaintiff Timothy Narvaro Tolson ("Tolson") is an inmate housed in the State Farm Correctional Center ("SFCC") in State Farm, Virginia.[1] Tolson filed this *pro se* complaint under 42 U.S.C. § 1983 against the SFCC complaining that the prison "allowed" him to get infected with COVID-19. Tolson did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

On January 21, 2021, the Clerk of Court issued a Notice of Deficiency to Tolson advising him that, on or before February 11, 2021, he was required to correct certain form deficiencies and either pay the filing fee or complete and return a certified pauper application.[2] The Clerk of Court mailed the notice and required forms to Tolson at his address of record. The envelope has not been

---

[1] Rec. Doc. No. 1, Deficient Complaint.
[2] Rec. Doc. No. 2, Notice of Deficiency.

returned as undeliverable. Tolson also has not responded to the Clerk's notice or otherwise contacted the Court about his case.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, Tolson is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.    Analysis

As noted above, Tolson did not submit the required filing fee or request leave to proceed *in forma pauperis*. He also has not responded to the Clerk's request that he correct these deficiencies. In some circumstances, the Court would issue a show cause order and provide a non-

responsive plaintiff like Tolson with an additional opportunity to correct such deficiencies before dismissal. However, for the following reasons, a show cause order in this case is unnecessary, and the complaint should be dismissed for Tolson's failure to prosecute.

As an initial matter, Tolson has presented his complaint to a court that is not a proper venue under the general venue provisions of 28 U.S.C. § 1391(b) applicable to § 1983 cases:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under these provisions, the Eastern District of Louisiana is *not* a proper venue for Tolson's claims arising in a jail located in Virginia. Both Tolson and the SFCC are located in Powhatan County, Virginia, which is within the boundaries of the Eastern District of Virginia. 28 U.S.C. § 127(a). The record provides nothing to establish venue in the Eastern District of Louisiana.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper when transfer is in the interests of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998). In this case, the interests of justice do not dictate transfer because Tolson has not only failed to prosecute this case, he also has only named an improper defendant.

Specifically, the only defendant identified by Tolson is the SFCC, the facility in which he is incarcerated. For purposes of a § 1983 action in Louisiana or Virginia, a prison facility simply is not recognized as a "person" within the meaning of the statute. *See Douglas v. Gusman*, 567 F. Supp.2d 877, 892 (E.D. La. 2008) (Order adopting Report and Recommendation) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973)); *see also*, *Painter v. Blue Ridge Reg'l. Jail Auth.*, No. 17-CV-34, 2017 WL 3725993, at *5 (W.D. Va. Aug. 29, 2017) ("The

3

Court holds that [the prison] is not subject to suit under § 1983 because it is an arm of the Commonwealth of Virginia."); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 891-92 (E.D. Va. 1992) (finding that "the level of state involvement in the regulation and administration of local jails in Virginia indicates that the local jails are arms of the state for Eleventh Amendment purposes and thus not 'persons' under § 1983"). The SFCC is not a proper defendant under § 1983. Thus, transfer to another venue would be futile and not in the interest of justice.

For these reasons, rather than a transfer, Tolson's § 1983 complaint should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV.   Recommendation

It is therefore **RECOMMENDED** that Tolson's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 26th day of February, 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.